UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISON

| | |
|---|---|
| COURTNEY MCCABE, RICHARD MCCABE, and KEVIN FELT, <br><br>  Plaintiffs, <br><br> v. <br><br> ZADOK TECHNOLOGIES, INC. <br><br>  Defendant. | CIVIL ACTION NO. 2:21-cv-107 <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

PLAINTIFFS Courtney McCabe, Richard McCabe, and Kevin Felt, by and through their attorneys, ELLWANGER LAW LLLP, bring this action for damages and other legal and equitable relief from Defendant ZADOK TECHNOLOGIES, INC. ("Zadok"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., Title I of the Civil Rights Act of 1991, 42 U.S. C. Sec. 1981a, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq. ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiffs seeking damages from Defendant for acts of discrimination. Defendant's acts of discrimination are in violation of Title VII, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendant employed Plaintiffs at its office in Portland, Texas. Plaintiffs were subjected to discrimination based on sex and retaliation for engaging in protected activity.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; and (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended.

4. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court because the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## PARTIES

6. Plaintiffs Courtney McCabe, Richard McCabe and Kevin Felt are persons who have been aggrieved by Defendant's actions. They are and have been, at all relevant times, citizens of the United States of America and are residents of Nueces (Courtney McCabe) and San Patricio (Richard McCabe and Kevin Felt) Counties, Texas.

7. At all relevant times, Plaintiffs were Defendant's employees and therefore covered by Title VII and the TLC.

8. Defendant is located at 6731 Theall Road, Houston, Texas 77066. Upon information and belief, Defendant employs over two-hundred (200) employees.

9. During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

10. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at multiple offices located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Each Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

12. Each Plaintiff received a Right to Sue from the EEOC on or around March 4, 2021.

## STATEMENT OF FACTS

13. Defendant maintains an office in Portland, Texas.

14. Plaintiffs were all employed at Defendant's Portland, Texas office.

15. Plaintiff Kevin Felt was employed by Defendant as Regional Manager at the Portland location at 515 Commerce Street, Portland, TX 78374 from approximately February 2019 to July 2019. During his employment, Plaintiff Felt was subjected to retaliation for engaging in a protected activity.

16. Richard McCabe was employed by Defendant as an Electrical Superintendent at the Portland location at 515 Commerce Street, Portland, TX 78374, from approximately May 2019 to July 2019. During his employment, Richard McCabe was subjected to retaliation for engaging in a protected activity.

17. Plaintiff Courtney McCabe was employed by Defendant as an Electrical Apprentice at the Portland location at 515 Commerce Street, Portland, TX 78374, from approximately June

**ORIGINAL COMPLAINT**

2019 to July 2019. During her employment, Courtney McCabe was subjected to discrimination based upon her sex, female.

18. In or around June 2019, Courtney McCabe was hired as a licensed electrician by her father Plaintiff Richard McCabe, who also worked for Defendant as an Electrical Superintendent. Courtney McCabe was hired along with seven other men. A week after hire, Courtney McCabe discovered that all the men hired along with her had been scheduled to work except for her.

19. On or around June 27, 2019, Clay Nunnally, the President and CFO of Zadok, sent an email to Kevin Felt, Richard McCabe's boss, telling Mr. Felt to inform Richard Zadok that his daughter, Courtney McCabe, could not work for Zadok, and that "hiring someone's daughter is the issue." Mr. Felt replied to the email stating that another coworker, Hector Rangel, also had relatives working for Zadok. Owner Tony Martinez, who was copied on the email chain, replied that he did "not like talking about these types of issues by email." Mr. Martinez soon thereafter drove from his office in Louisiana to Portland, Texas to meet with Mr. Felt in person.

20. On or around June 28, 2019, after the email conversation, Kevin Felt's fuel card and company credit card were cut off. Mr. Felt asked Mr. Nunnally why his cards were cut off. Mr. Nunnally responded, "I'm not playing games with you."

21. The following Monday, Mr. Felt met with Mr. Martinez. During the meeting, Mr. Martinez stated that Zadok would not hire females because it costs too much money. Mr. Martinez called females "expensive and needy" and said point blank, "Females don't work for our company." Mr. Martinez ended the meeting by telling Plaintiff Felt he needed to fire Courtney McCabe.

22. Two days later, Kevin Felt reported his conversations with Mr. Martinez and Mr. Nunnally to the director of HR, Todd Hulin. Plaintiff Felt told Mr. Hulin that Mr. Martinez had said women could not work for Zadok. Mr. Felt asked that Mr. Hulin speak with Mr. Nunnally and Mr. Martinez about Mr. Martinez' discriminatory comments.

23. After Richard McCabe was made aware of Plaintiff Felt's conversations with Mr. Martinez and Mr. Nunnally about Courtney McCabe, Richard McCabe also reported the incident to Mr. Hulin. Mr. Hulin verified that Zadok did not have a "no nepotism" policy.

24. Richard McCabe and Kevin Felt both refused to fire Courtney McCabe.

25. Since June 27, 2019, Courtney McCabe has not been scheduled to work for Zadok.

26. On or around July 9, 2019, Richard McCabe was terminated for engaging in protected activity.

27. On or around July 12, 2019, Courtney McCabe sent an email to Darrell White ("Mr. White"), the operations manager, asking for work and received no response.

28. On or around July 15, 2019, Kevin Felt was also subjected to a retaliatory termination.

29. On or around July 15, 2019, Courtney McCabe sent another email to Mr. White asking for work and again received no response.

30. On or around July 17, 2019, Courtney McCabe sent a third email to Mr. White asking for work. Mr. White responded that she was still employed, but there were no projects to work on. On the same day Mr. White replied to Plaintiff Courtney McCabe, Mr. White assigned three men to work.

31. Courtney McCabe was constructively discharged based on her sex, female, on or about July 17, 2019.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Discrimination as to Courtney McCabe)**

32. Plaintiff Courtney McCabe is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged the practice of discrimination based on sex, female, with respect to the terms and conditions of Courtney McCabe's employment.

34. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Retaliation as to Richard McCabe and Kevin Felt)**

35. Plaintiffs Richard McCabe and Kevin Felt are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

36. Plaintiffs Richard McCabe and Kevin Felt lodged complaints with Defendant regarding the discrimination based on sex to which Courtney McCabe was subjected, and as such, engaged in protected activity under Title VII.

37. Defendant retaliated against Plaintiff Richard McCabe and Plaintiff Felt by terminating them for engaging in protected activity.

38. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

39. Plaintiffs' requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Discrimination as to Courtney McCabe)**

40. Plaintiff Courtney McCabe is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

41. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has constructively terminated Courtney McCabe based on her sex, female. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Retaliation as to Richard McCabe and Kevin Felt)**

42. Plaintiffs Richard McCabe and Kevin Felt are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

43. Plaintiffs Richard McCabe and Kevin Felt lodged complaints with Defendant regarding the discrimination based on sex to which Courtney McCabe was subjected, and as such, engaged in protected activity under Texas Labor Code §§ 21.001 *et seq.*

44. Defendant retaliated against Plaintiffs Richard McCabe and Kevin Felt by terminating them for engaging in protected activity. The conduct alleged herein violates Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

45. Plaintiffs' requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq. and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*;

B.       All damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendant's discriminatory practices, and for pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses;

C.       Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D.       Awarding Plaintiffs the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E.       Pre-judgment and post-judgment interest, as provided by law;

F.       That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law;

G.       Injunctive relief, including, but not limited to:

   a. Training on the subject of employment discrimination for all of Defendant's employees;

   b. Supervisory discipline up to and including termination for any supervisor who engaged or engages in unlawful discrimination;

   c. Monitoring of all hires for two years by an outside entity to ensure compliance with the anti-discrimination laws, with a report provided to the Court at the end of the monitoring period; and

H.       Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: June 2, 2021                                    Respectfully submitted,

 

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt M. Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**COUNSEL FOR PLAINTIFFS**